IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSICA BELLAMY,)
)
Plaintiff,)
)
-vs-) Civil Action No. 12-295 ERIE
)
CAROLYN W. COLVIN,[1])
COMMISSIONER OF SOCIAL SECURITY,)
)
Defendant.)

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 10) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 8).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on August 18, 2009, alleging she had been disabled due to physical and mental impairments since August 6, 2009. (ECF Nos. 6-6, p. 2-3; No. 6-7, p. 3). Administrative Law Judge ("ALJ") O. Price Dodson, held a video hearing on February 2, 2011. ((ECF No. 6-3, pp. 2-20). On March 7, 2011, the ALJ

---
[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

1

found that Plaintiff was not disabled under the Social Security Act. (ECF No. 6-2, pp 18-28). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. ((ECF Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

2

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.     **WHETHER THE ALJ ERRED IN EVALUATING THE MEDICAL EVIDENCE OF RECORD**

Plaintiff argues that the ALJ erred in giving little weight[2] to the assessment of her treating mental health provider, Dr. DeJohn, and her treating medical doctor, Dr. Schenck. (ECF No. 9, pp. 11-15). The amount of weight accorded to a treating physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ...

---

[2]Contrary to Plaintiff's rendition, the ALJ did not "reject" Drs. DeJohn's and Schenck's assessments, but rather assigned it "little weight." (ECF No. 6-2, p. 9).

> the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

In this case, the ALJ assigned little weight to Dr. DeJohn's check box form assessment of marked limitations because it was internally inconsistent with his conservative treatment records and notes that reflected the stability of Plaintiff while on medication. (ECF No. 6-2, pp. 25-26). Upon review of the record, I find the ALJ's opinion is supported by substantial evidence. *See,* ECF No. 6-11, pp. 23-40 (assessment of DDS consultant, Dr. Brace)*; see also* ECF No. 6-10, pp. 40-47 and ECF No. 6-12, pp. 2-32 (for internal inconsistency between treatment and assessment). Therefore, I find the ALJ did not err in this regard.

Plaintiff further suggests that the ALJ erred for failing to recontact Dr. DeJohn for clarification of any discrepancy. (ECF No. 9, p. 13). An ALJ has the duty to fully develop the record to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995). To that end, an ALJ is required to recontact a medical source for clarification "when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear….". SSR 96-5p (policy interpretation); *see also,* 20 C.F.R. §404.1512(e)(1). In this case, the records were complete and there is nothing ambiguous or unclear about Dr. DeJohn's assessment or treatment records. Based on the evidence of record, I find that the assessment and treatment records of Dr. DeJohn were unambiguous such that, together with all of the evidence of record, the ALJ was able to make a disability determination. Therefore, the ALJ was not required to recontact Dr. DeJohn. Consequently, I find no error in this regard.

Next, Plaintiff asserts that the ALJ erred in assigning Dr. Schenck's assessment little weight because he failed to identify any substantial evidence to the contrary. (ECF No. 9, p. 15). In this case, the ALJ assigned Dr. Schenck's assessment little weight because the opinion was based on subjective allegations[3] and inconsistent with his own internal record, as well as the record as a whole. (ECF No. 6-2, p. 26). Upon review of the record, I find the ALJ's opinion is supported by substantial evidence. *See,* ECF No. 6-12, pp. 33-56 (for internal inconsistency between treatment and assessment); *see also,* ECF No. 6-8, 1-23, 27-31; ECF No. 6-9; ECF No. 6-11, pp. 2-22; 41-47 (for record as a whole). Therefore, I find the ALJ did not error in this regard.

Lastly, Plaintiff argues that the ALJ erred in giving the opinions of the state agency consultants, Drs. Brace and Ali, significant weight because their opinions do not constitute "substantial evidence" that conflicts with the assessments of Drs. DeJohn and Ali. (ECF No. 9, pp. 12, 15). Drs. Brace and Ali rendered opinions in December of 2009. (ECF No. 6-11, pp. 23-40 – Dr. Brace and ECF No. 6-11, pp. 41-47 – Dr. Ali). Plaintiff contends that their opinions were based on an incomplete record since they did not have the benefit of the medical records subsequent thereto (namely, the medical assessments of Drs. DeJohn and Schenck of January of 2011) when rendering their opinions. (ECF No. 9, pp. 12, 15). As a result, Plaintiff submits that it was error on the part of the ALJ to rely on the same. *Id.*

I disagree. While giving the assessments of Drs. Brace and Ali significant weight, the ALJ acknowledge that there was other record evidence received subsequent to their evaluations leaving no doubt in the reviewers mind that the ALJ was aware of the fact that the state agency physicians had not reviewed all of the evidence. (ECF No. 6-2, p. 26). Additionally, the ALJ recognized that Drs. Brace's and Ali's opinions were consistent with the subsequent medical evidence (absent the two checked box assessment forms by Drs. DeJohn and Schenck). (ECF

---

[3] "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir.2005) (citation omitted).

No. 6-2, p. 26, *citing,* SSR 96-6p[4]). Finally, the ALJ adequately explained his reasons for giving Drs. DeJohn's and Ali's assessments little weight. Based on the same, I find the ALJ was not trying to circumvent the rules pertaining to the weighing of treating physicians records/opinions. Therefore, I find the ALJ properly considered the opinions of Drs. Brace and Ali in accordance with 20 C.F.R. §404.1527(e). Consequently, I find no error in this regard.

---

[4] The policy interpretation to SSR 96-6p provides that "an administrative law judge and the Appeals Council must obtain an updated medical opinion from a medical expert in the following circumstances:

> When no additional medical evidence is received, but in the opinion of the administrative law judge or the Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
>
> When additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

(footnote omitted). Such is not the case here nor does Plaintiff argue the same. Thus, the ALJ was not required to obtain an updated medical opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSICA BELLAMY, )
)
        Plaintiff, )
)
 -vs- )    Civil Action No. 12-295 ERIE
)
CAROLYN W. COLVIN,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 22nd day of January, 2014, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

                              BY THE COURT:

                              s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

---

[5] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.